UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
UNITED STATES,                          )
                                        )
            Respondent,                 )
                                        )
        v.                              )        Criminal Action No. 05-10195-JLT
                                        )
ROBERT WILLIAMS,                        )
                                        )
            Petitioner.                 )
_____ )

**REPORT AND RECOMMENDATION ON**
**PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**
[Docket No. 101]

March 22, 2012

BOAL, M.J.

Robert Williams ("Williams"), who is currently serving a 151-month sentence in a

federal correctional facility, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or

correct his sentence ("Motion"). (Docket No. 101). Williams argues that he was incorrectly

characterized as a career offender under the United States Sentencing Guidelines, Section

4B1.2, and asks the Court to adjust his sentence downward. For the following reasons, this

Court recommends that the District Court deny Williams' Motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On August 3, 2005, a federal grand jury sitting in the District of Massachusetts returned a

thirteen-count indictment charging Williams with crimes linked to the prostitution of a minor.

1

(Docket No. 1). Pursuant to a plea agreement (Docket No. 36), Williams agreed to plea guilty to all twelve counts in which he was named. The instant motion focuses on four counts of transporting a minor in interstate commerce to engage in prostitution in violation of 18 U.S.C. § 2423(a).[1]

On January 30, 2007, the District Judge sentenced Williams as a career offender under the United States Sentencing Guidelines (the "Guidelines") to 151 months of incarceration, followed by three years of supervised release, and a $1,200 special assessment. (Docket No. 68).

Williams appealed his sentence and the First Circuit affirmed. United States v. Williams, 529 F.3d 1 (2008). Williams petitioned the Supreme Court for a writ of certiorari, which was denied on March 9, 2009. Williams v. United States, 129 S.Ct. 1580 (2009). Williams filed the subject motion to vacate, set aside or correct his sentence (Docket No. 101), which the District Court referred to this Court for a report and recommendation. (Docket No. 104).

## II.  DISCUSSION

For the reasons discussed below, this Court finds that Williams has failed to carry his burden that he is entitled to relief. Williams argues that the Supreme Court's decision in Johnson v. United States, __ U.S. __, 130 S.Ct. 1265 (2010), makes his petition timely under 28 U.S.C. § 2255(f)(3). (Docket No. 109 at 1-3). He also argues that his offense of conviction is not a crime of violence under Johnson, and, therefore, he was sentenced incorrectly as a career offender under the Guidelines. (Docket No. 109 at 4-7). This Court disagrees. Accordingly,

---

[1] Williams also pled guilty to counts of transporting an individual interstate to engage in prostitution in violation of 18 U.S.C. § 2421; inducing travel to engage in prostitution in violation of 18 U.S.C. § 2422(a); trafficking children for sex in violation of 18 U.S.C. § 1591; and conspiring in sex trafficking and in inducing interstate travel for the purpose of prostitution in violation of 18 U.S.C. § 371. See Docket No. 1.

this Court recommends that the District Judge deny Williams' Motion.

**A.      Standard Of Review**

A Section 2255 petition must be dismissed whenever "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); see Carey v. United States, 50 F.3d 1097, 1098 (1st Cir. 1995).  The petitioner bears the burden of proving he is entitled to relief.   David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

**B.      The Career Offender Guidelines, The First Circuit's Decision In Williams, and the Supreme Court's Decisions in Begay, Johnson And Sykes**

Before analyzing Williams' claims, including the timeliness of his petition, it is helpful to provide some background regarding the Career Offender Guidelines, the First Circuit's decision affirming Williams' sentence, and the Supreme Court's most recent decisions concerning the definition of "crime of violence" under the Guidelines.

A predicate offense under the Career Offender Guidelines must be a "crime of violence," which is defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that
>
> (1) has as an element, the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).  The First Circuit has referred to clause (1) as the "force clause" and the section of clause (2) referring to "conduct that presents a serious potential risk of physical injury to another" as "the residual clause."  See United States v. Holloway, 630 F.3d 252, 256 (1st Cir.

2011).

Courts take a "categorical approach" in determining whether a conviction qualifies as a "crime of violence" under the Guidelines.  Id. at 256.[2]  This approach requires consideration of "'only the offense's legal definition' under state law, 'forgoing any inquiry into how the defendant may have committed the offense.'"  United States v. Dancy, 640 F.3d 455, 466 (1st Cir. 2011) (quoting Holloway, 630 F.3d at 256).  Where the crime includes a range of conduct, some of which falls outside of the definition of crime of violence, a court may consider a limited number of records to assist in determining which particular offense served as the offense of conviction.  Holloway, 630 F.3d at 257 (citing Shepard v. United States, 544 U.S. 13, 26 (2005)).

Prior to Williams' conviction and sentence, the Supreme Court interpreted the residual clause in Begay v. United States, 553 U.S. 137 (2008).  In that case, the Supreme Court held that felony driving under the influence does not qualify as a violent crime under the ACCA's residual clause.  Id. at 148.  In so doing, the Supreme Court applied a two-part test to determine whether a crime was a violent felony under the ACCA: (1) whether the offense "involves conduct that presents a serious risk of physical injury" to another; and (2) whether the crime is "roughly similar, in kind as well as in degree of risk posed" to the enumerated offenses.  Begay, 553 U.S. at 143-44.  An offense is similar in kind to the enumerated offenses if it involves "purposeful, violent, and aggressive conduct."  Id. at 145.

_____

[2] Although Holloway involved the Armed Career Criminal Act ("ACCA"), "the terms 'crime of violence' under the career offender guideline and 'violent felony' under the ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other."  United States v. Willings, 588 F.3d 56, 58 n. 2 (1st Cir. 2009).

In affirming Williams' sentence, the First Circuit rejected Williams' argument that <u>Begay</u> changed the classification of Williams' crime. <u>Williams</u>, 529 F.3d at 6-8. The First Circuit found that, notwithstanding <u>Begay's</u> new gloss on the ACCA's definition of violent felony, "a strong argument exists for treating the transport of a minor for prostitution as a violent crime." <u>Williams</u>, 529 F.3d at 7. The First Circuit continued:

> Unlike DUI, the crime is purposeful and the perpetrator is aware of the risks that the prostituted minor will face. The defendant may well use force to ensure the minor's compliance; but it is even more likely, and fully foreseeable, that the 'clients' will endanger the minor's safety in various ways. As we have explained, the crime is implicitly (and sometimes explicitly) aggressive, and coercion of the minor is virtually inherent.
>
> Admittedly, the case at hand is different in one respect from most crimes of violence: in other cases, the defendant himself is usually the agent of the violence (real or potential). Here, however, the violence often will be carried out by third parties. But since the risk of harm is so substantial and so easily foreseen by the defendant, we discern no basis for distinction. Surely, tying a man to the railroad tracks is an act of violence even though the oncoming train is the instrument through which inevitable harm is administered.

<u>Id.</u>

After Williams' conviction became final, the Supreme Court decided <u>Johnson</u>. In <u>Johnson</u>, the Supreme Court held that Johnson's prior battery conviction under Florida law did not qualify as a "violent felony" under the ACCA. <u>Johnson</u>, 130 S.Ct. at 1273-74. <u>Johnson</u> addressed the force clause of the ACCA. <u>Id.</u> at 1268. <u>Johnson</u> did not address the so-called residual clause of the ACCA. <u>Id.</u> at 1274.

The Supreme Court recently interpreted the residual clause in <u>Sykes v. United States</u>, __ U.S. __, 131 S.Ct. 2267 (2011). In <u>Sykes</u>, the Supreme Court made clear that <u>Begay's</u> "purposeful, violent, and aggressive" formulation was not meant to be dispositive. <u>Sykes</u>, 131 S.Ct. at 2275-76. Instead, the proper inquiry under the residual clause is whether the crime

categorically "presents a serious potential risk of physical injury to another." Id. at 2276. While "[i]n many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk," risk level is the more "manageable standard." Id. at 2275. Accordingly, the Supreme Court held that felony vehicle flight is a violent crime under the ACCA. Id. at 2277.

The Court now turns to Williams' claims.

**C.      Williams' Motion Is Untimely**

Williams does not dispute that his petition was filed past the one-year limitations period in Section 2255(f)(1). He argues, however, that his petition is timely because it was filed within one year of the Supreme Court's decision in Johnson. (Docket No. 109 at 1-3). This Court disagrees.

As relevant to this case, Section 2255 provides a one-year statute of limitations, which runs from the latest of:

> (1)      the date on which the judgment of conviction becomes final;
>
> ***
>
> (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . .

28 U.S.C. § 2255(f). As applicable to Williams, his conviction became final when the Supreme Court denied certiorari on March 9, 2009. See Gonzalez v. Thaler, __ U.S. __, 132 S.Ct. 641, 653 (2012). Williams did not file his Motion until February 25, 2011, almost two years after his conviction became final. Accordingly, Williams' Motion was untimely under Section 2255(f)(1).

Williams argues, however, that his petition was timely under Section 2255(f)(3). Under

6

that provision, the one-year limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). Williams argues that the Supreme Court's decision in <u>Johnson</u> created a new rule that applied retroactively for the purposes of Section 2255(f)(3) and, therefore, his Motion is timely. (Docket No. 109 at 2). This Court finds that Section 2255(f)(3) is inapplicable because <u>Johnson</u> did not establish a new rule of constitutional law applicable to Williams' sentence.

In order to determine whether <u>Johnson</u> announced a new rule that must be applied retroactively, this Court must determine (1) whether Williams' conviction was final before the Supreme Court's decision in <u>Johnson</u>; (2) whether a "court considering [Williams'] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [announced in <u>Johnson</u>] was required by the Constitution;" and (3) if the rule in <u>Johnson</u> is new, whether the new rule "falls within either of the two narrow exceptions to nonretroactivity." <u>United States v. Hong</u>, ___ F.3d ___, 2011 WL 3805763, at *2-3 (10th Cir. 2011) (citations omitted) (applying <u>Teague v. Lane</u>, 489 U.S. 288 (1989)).

Here, there is no question that Williams' conviction was final before the Supreme Court's decision in <u>Johnson</u>. His conviction became final on March 9, 2009 and <u>Johnson</u> was decided on March 2, 2010.

A rule is new for purposes of Section 2255(f)(3) if it "'breaks new ground,' 'imposes a new obligation on the States or the Federal Government,' or was not '*dictated* by precedent existing at the time the defendant's conviction became final.'" <u>Hong</u>, 2011 WL 3805763 at *5 (quoting <u>Graham v. Collins</u>, 506 U.S. 461, 467 (1993)) (emphasis in original). "Conversely, a

rule is old if a 'court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution.'" Id. (quoting O'Dell v. Netherland, 521 U.S. 151, 156 (1997)).

As explained above, Johnson held that a prior battery conviction under Florida law did not qualify as a "violent felony" under the ACCA. Johnson, 130 S. Ct. at 1273-74. Johnson, however, addressed the force clause of the ACCA. Id. at 1268. Johnson did not address the so-called residual clause of the ACCA. Approximately two years before Johnson, in Begay, the Supreme Court held that the residual clause in the ACCA's definition of crime of violence is limited to offenses which are similar both in kind and degree of risk to those enumerated and demonstrate the same "purposeful, violent, and aggressive" conduct. Begay, 553 U.S. at 143-45. Indeed, the First Circuit analyzed and applied Begay in affirming Williams' sentence. As a result, the decision in Johnson did not announce a new rule applicable to Williams' claims.[3]

Because Johnson did not announce a new rule, it does not apply retroactively to cases on collateral review and the limitations period under Section 2255(f)(3) does not apply here.

_____

[3] Several other district courts agree. See, e.g., United States v. Branham, No. 10-2162, 2011 WL 6412238, at *2 (E.D. Pa. Dec. 21, 2011) ("Because *Johnson* does not create a new right applicable to this case, and merely refined the Court's ruling in *Begay*, it does not govern the statute of limitations for purposes of Subsection (3) of § 2255(f)."); Gaddy v. United States, No. 3:11-cv-49, 2011 WL 7021140, at *6 (N.D.W.Va. Dec. 15, 2011) (Johnson asserted an old rule of law and, therefore, petitioner could not rely on Johnson for his assertion that his motion should be timely under Section 2255(f)(3)); United States v. Nichols, No. 03-20149-01-KHV, 2011 WL 2472578, at *1-2 (D. Kan. June 21, 2011) (rejecting petitioner's claim that his Section 2255 petition was timely because Johnson applied retroactively); Tarver v. United States, No. 8:10-CV-2529-T-30MAP, 2011 WL 2470089, at *2 (M.D. Fla. June 20, 2011) ("Nothing in the *Johnson* decision indicates that the Supreme Court intended for the holding to apply retroactively."); United States v. Meirovitz, No. 3:88-111, 2011 WL 1260928, at *1 (D. Minn. Apr. 5, 2011) ("[T]he decision in *Johnson* is merely an application of the principle recognized in *Begay*.").

Accordingly, this Court recommends that the District Judge deny Williams' petition as untimely.

### D. Williams' Sentencing Guidelines Claim Is Not A Cognizable Claim For Review Under Section 2255

Even if Williams' petition were timely, it should be denied because his claim is not cognizable for review under Section 2255. Title 28, United States Code, Section 2255 provides for post-conviction relief only when the petitioner has demonstrated that his sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." Moreno-Morales v. United States, 334 F.3d 140, 148 (1st Cir. 2003) (citing David v. United States, 134 F.3d 470 (1st Cir. 1998)). Williams does not allege a constitutional error, lack of jurisdiction, or that his sentence exceeded the statutory maximum. Thus, his claim can only be properly brought under Section 2255 if it alleges that the sentence is "otherwise subject to collateral attack."

The Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994). A sentence is subject to collateral attack only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id. (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)); Moreno-Morales, 334 F.3d at 148. "The error must 'present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Knight, 37 F.3d at 772. "Errors warranting a reversal on direct appeal will not necessarily support a collateral attack." Id.

Several circuit courts have considered the availability of collateral attack for various

errors in the application of the Guidelines and have concluded that such errors are not cognizable under Section 2255. Id. at 773 (collecting cases). Although the First Circuit has not foreclosed the possibility that a Guidelines' application error could constitute a complete miscarriage of justice, "exceptional circumstances" must be present before such an error may be cognizable under Section 2255. Id. at 773-74. Here, this Court finds no such exceptional circumstances exist that would make Williams' sentence a "complete miscarriage of justice."

Williams argues that transportation of a minor in interstate commerce with the intent she engage in prostitution is not similar in kind to the crimes listed in Begay (burglary of a dwelling, arson, extortion, and crimes involving explosives). (Docket No. 109 at 5). He also argues that Williams' offense was an act of recklessness like the driving under the influence crime in Begay and the felony offense of battery in Johnson. (Id. at 6). Finally, he argues that the minor was engaged in a voluntary business venture, and the minor was not an unwilling participant. (Id.). None of Williams' arguments satisfy his burden.

Title 18, United States Code, Section 2423(a) makes it illegal to "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution." 18 U.S.C. § 2423(a). The crime is therefore deliberate, not reckless, because it requires that the perpetrator knowingly transport a minor, as well as intend that the minor engage in prostitution. See United States v. Robinson, No. 05-CR-443, 2007 WL 790013, at *9 (M.D. Pa. Mar. 14, 2007) ("To support a conviction under 18 U.S.C. § 2423(a), the Government must prove, *inter alia*, that a defendant who transports a minor in interstate commerce specifically intended that the minor engage in prostitution or illicit sexual activity.").

In addition, although the statute does not contain as an element the use of violence or force, a violation of the statute creates a significant risk of violence against the victim by the perpetrator as well as third parties.  Congress included the enumerated crimes in the residual clause because:

> Congress thought that certain general categories of property crimes . . . so often present a risk of injury to persons, or were so often committed by career criminals, that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use or threat of force against a person.

Taylor v. United States, 495 U.S. 575, 597 (1990).  Although the First Circuit did not specifically compare Section 2423(a) to any of the enumerated crimes in the residual clause, it did find that, just like the other enumerated crimes, the knowing transportation of a minor for prostitution in violation of Section 2423(a) presents a substantial risk that violence will occur. Williams, 529 F.3d at 7-8.  A violator of Section 2423(a) engages in purposeful conduct that exposes the victim to a foreseeable risk of violence, physical injury, and disease.  Id. at 5-6.

Moreover, Johnson has no applicability to Williams' claims because that case did not address the residual clause of the Guidelines at issue here.  The more recent Supreme Court decision in Sykes, however, does address the residual clause and supports the First Circuit's decision affirming Williams' sentence.  The First Circuit's analysis emphasizing not only the risk created by the defendant's conduct but also the additional risk created by the clients, see Williams, 529 F.3d at 5-6, is the same approach that the Supreme Court took in Sykes.  See Sykes, 131 S.Ct. at 2273.  In holding that felony vehicle flight is a violent crime under the ACCA, the Supreme Court stated:

> When a perpetrator defies a law enforcement command by fleeing in a car, the determination to elude capture makes a lack of concern for the safety of property

and persons of pedestrians and other drivers an inherent part of the offense. Even if the criminal attempting to elude capture drives without going at full speed or going the wrong way, he creates the possibility that police will, in a legitimate and lawful manner, exceed or almost match his speed or use force to bring him within their custody.

Id. So here, Williams' crime creates a substantial risk of physical injury to the victim even if that physical injury is not perpetrated by the defendant.

Finally, although Williams argues that his particular conduct was not violent, in determining whether a crime is violent for purposes of the Guidelines, courts must use a categorical approach, looking only at the fact of conviction and the statutory definition of the crime, and not considering the particular facts disclosed by the record of conviction. Sykes, 131 S. Ct. at 2272.

Accordingly, this Court finds that Williams' sentence was not a miscarriage of justice and recommends that the District Court deny Williams' Motion for this reason as well.

## III.  RECOMMENDATION

For the foregoing reasons, I recommend that the Court DENY Williams' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Docket No. 101).

## IV.  REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised

that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge